IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JAMES DOE,

       Plaintiff,         Civil Action No.
                                      3:17-CV-0402 (GTS/DEP)

      v.

CORNELL UNIVERSITY, *et al.*,

       Defendants.

## ORDER

The confidentiality stipulation (Dkt. No. 25-1) executed by counsel for the parties in this action, a copy of which is attached to and incorporated herein by reference, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, is hereby approved and SO ORDERED, subject to the following qualifications:

    1)    Paragraph 13 of the stipulation shall not be construed to require the court to return or destroy any confidential materials filed in the action upon its completion.

Dated: November 22, 2017

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES DOE,                                                           :     Civil Action No.:
                                                                       :     3:17-cv-00402 GTS-DEP
                                   Plaintiff,            :
                                                                       :     **AGREED CONFIDENTIALITY**
           -against-                                        :     **STIPULATION AND**
                                                                         :     **PROTECTIVE ORDER**
CORNELL UNIVERSITY, ELIZABETH MCGRATH,   :
as agent for Cornell University, and JODY          :
KUNK-CZAPLICKI, as agent for Cornell University,   :
                                                                         :
                                                     Defendants.         :
------------------------------------------------------------------X

       The parties have agreed to the terms of this Confidentiality Stipulation and Protective Order; accordingly,

       **IT IS HEREBY ORDERED:**

## SCOPE OF THIS ORDER

       1.      This Protective Order shall apply to all information and documents produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

## USE OF PSEUDONYM

       2.      Prior to the commencement of trial in this case, the persons identified as "James Doe" and/or "Sally Roe" in the complaint filed in this matter shall be identified as such by the parties in any pleading, motion, or affidavit filed with the court. The true names of James Doe and/or Sally Roe shall be redacted from any document filed with the court prior to the commencement of trial. In addition, students other than James Doe and Sally Roe shall be

2990344.1

identified only by first and last initial in any document filed with the court prior to the commencement of trial. If redactions make a document confusing or unclear, the parties may append to the document an index linking a particular pseudonym to a redaction. For deposition transcripts, the index should include page and line numbers. The court will exercise discretion in deciding when to unseal these materials.

## CONFIDENTIAL INFORMATION

3. Any party to this case may designate as "CONFIDENTIAL" documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any party in this matter. "CONFIDENTIAL" documents may include education records, medical records, employment records, proprietary information, and any information which the producing party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The mere inclusion of the true name of James Doe or Sally Roe in a document does not necessarily render the document confidential, although the pseudonym treatment described in paragraph 2 would apply.

## DESIGNATING MATERIALS CONFIDENTIAL

4. A party may designate materials as "CONFIDENTIAL" in the following manner:

   a. <u>Documents</u>. At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document. Where a document is produced in electronic form, the drive, disc or electronic media storage device shall be marked "CONFIDENTIAL." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" such that to the extent any party prints or reproduces any information or any documents produced in electronic format, any such printouts

or reproduction shall automatically include the designation of "CONFIDENTIAL." If a party believes that a particular document or documents contained within another party's document production should be treated as CONFIDENTIAL, that party shall so notify all parties within thirty (30) days of receipt of said production. If the parties cannot agree on the CONFIDENTIAL nature of the document or documents in question, then the party seeking CONFIDENTIAL treatment may apply to the court for a protective order. Until such time as the court decides any such application all parties shall treat the disputed document or documents as CONFIDENTIAL. A party does not waive its right to move to designate material "CONFIDENTIAL" after the passage of 30 days after receipt of any production.

   b. <u>Interrogatories or Request for Admissions</u>. A party may designate an interrogatory or answer as "CONFIDENTIAL" by identifying it as such. Such "CONFIDENTIAL" interrogatories or responses should be made on separate pages from any other interrogatories or answers or portions of interrogatories or answers that are not designated as "CONFIDENTIAL."

   c. <u>Testimony</u>. Any party giving pretrial testimony by deposition or affidavit in this action may obtain "CONFIDENTIAL" treatment for all or part of the deposition or affidavit testimony. Each paragraph of an affidavit containing CONFIDENTIAL information shall be designated as such and shall appear on a separate page from paragraphs which do not contain CONFIDENTIAL information. Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL" and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony

may also be designated as "CONFIDENTIAL" by giving written notice to the opposing party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL." This designation process is entirely separate from the manner in which the pseudonyms James Doe and Sally Roe shall be used prior to trial. During deposition testimony, the real names of James Doe and Sally Roe shall be used at all times. The parties – not the reporter – will be responsible for redacting real names from transcripts filed with the court or used at a hearing.

5. "CONFIDENTIAL" materials should not be disclosed in any manner, directly or indirectly to any person other than the attorneys for the parties, witnesses, independent third parties retained or used by the attorneys of record in this litigation who have access to "CONFIDENTIAL" materials as reasonably necessary for purposes of preparation, trial, appeal or settlement of this litigation, named parties, Plaintiff's parents, officers and employees of corporate parties who have access to "CONFIDENTIAL" materials as reasonably necessary for the purposes of preparation, trial, appeal, or settlement of this litigation. CONFIDENTIAL documents or testimony, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or the party asserting confidentiality waives the claim of confidentiality, or (b) the court orders such disclosure.

6. Each person to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this order and must agree to be bound by it by executing Exhibit A before disclosure to such person of any such information or document.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

7. In the event that any party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the party shall file such documents under seal using the court-authorized procedure for filing documents under seal as set forth by the court's procedure.

8. This Order does not limit or waive the right of any party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise.

9. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conference, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion with the court.

10. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information. The failure of a party producing information or documents to designate such materials "CONFIDENTIAL" shall not preclude such party from later applying to the court for the entry of a protective order.

11. Nothing contained in this Protective Order shall be construed to, prohibit any party from disclosing information and/or documents or things that are in the public domain. Likewise, the designation by a party of something as "CONFIDENTIAL" does not and shall not

make any such information, document and/or thing a trade secret and/or "CONFIDENTIAL" information under law or any agreement.

## THIRD-PARTY REQUESTS FOR DESIGNATED MATERIALS

12.  If any party receives a subpoena or document request from a third party that appears to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" by any party to this action, the party receiving such subpoena or document request may move to quash or modify the subpoena or obtain a protective order limiting discovery of such material and shall immediately: (a) within 10 business days of receipt of a subpoena or document requests, notify the party who designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and, (b) shall not oppose any effort by the designating party to modify the subpoena or obtain a protective order limiting discovery of such material.

## RETURN OF DESIGNATED MATERIALS

13.  Within ninety (90) days of the conclusion of this action, including any and all appeals, all documents, answers, transcripts, electronic media or other things or information designated as "CONFIDENTIAL" and all copies thereof, shall be destroyed.  However, counsel for the parties may retain complete copies of all transcripts, pleadings and pre-trial motions, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order.  This Order shall continue to be binding after the conclusion of this litigation. The United States District Court for the Northern District of New York shall continue to retain jurisdiction over all persons and parties bound by this Protective Order for enforcement.

## INADVERTENT DISCLOSURE

14. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

    a. A claim of inadvertent production shall be made in writing and shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

    b. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent

production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

| | |
|---|---|
| NESENOFF & MILTENBERG, LLP | BOND, SCHOENECK & KING, PLLC |
| By: _s/ Stuart Bernstein_<br>　　Andrew T. Miltenberg (517014)<br>　　Stuart Bernstein (520831)<br>363 Seventh Avenue, 5th Floor<br>New York, New York 10001<br>Telephone: (212)736-4500<br>Email: amiltenberg@nmllplaw.com<br>Email: sbernstein@nmllplaw.com | By: _s/ Suzanne M. Messer_<br>　　Jonathan B. Fellows (101628)<br>　　Suzanne M. Messer (514398)<br>One Lincoln Center<br>Syracuse, New York 13202-1355<br>Telephone: 315.218.8000<br>Email: jfellows@bsk.com<br>Email: smesser@bsk.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| November 21, 2017 | Dated: November 21, 2017 |

SO ORDERED this ____ day of November, 2017

_____
Hon. David E. Peebles
United States Magistrate Judge

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES DOE,                                              :     Civil Action No.:
                                                        :     3:17-cv-00402 GTS-DEP
                        Plaintiff,                  :
                                                        :
    -against-                                          :
                                                        :     **PROTECTIVE ORDER**
CORNELL UNIVERSITY, ELIZABETH MCGRATH,                  :
as agent for Cornell University, and JODY               :
KUNK-CZAPLICKI, as agent for Cornell University,        :
                                                        :
                        Defendants.                 :
------------------------------------------------------------------X

      I, _____, residing at _____ have been advised by counsel of record for _____ in Doe v. Cornell et al., Case No. 3:17-cv-00402-GTS-DEP, of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits me from disclosing confidential documents and information without permission.

_____   _____
Signed               Date

2990344.1